# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | District of Idaho |
|---|---|---|
| Name (under which you were convicted): Lonnie Earl Parlor Jr. | | Docket or Case No.: |
| Place of Confinement: Lompoc United States Penitentiary | Prisoner No.: 19577-023 | |
| UNITED STATES OF AMERICA V. | Movant (include name under which convicted) LONNIE EARL PARLOR JR. | |

## MOTION

U.S. COURTS

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   OCT 07 2022
   UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF IDAHO
   500 W. FORT STREET
   BOISE, ID 83724

   Rcvd____ Filed____ Time____
   STEPHEN W. KENYON
   CLERK, DISTRICT OF IDAHO

   (b) Criminal docket or case number (if you know): 1:18-CR-00203-BLW

2. (a) Date of the judgment of conviction (if you know): November 20, 2019
   (b) Date of sentencing: November 19, 2019

3. Length of sentence: 120 months (10 years)

4. Nature of crime (all counts):

   Count One:
   UNLAWFUL POSSESSION OF FIREARM BY FELON, 18 U.S.C. § 922(g)(1)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction? Yes [X] No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
   (b) Docket or case number (if you know): Case No. 19-30269
   (c) Result: District Court Judgment Affirmed
   (d) Date of result (if you know): June 21, 2021
   (e) Citation to the case (if you know): 
   (f) Grounds raised:

   1) The district court committed reversible error in adding a four-level enhancement to Petitioner's base offense level for allegedly possessing a firearm in connection with another felony offense.

   2) The district court further erred in adding a two-level enhancement to Petitioner's guidelines calculation for allegedly possessing a stolen firearm, and another two-level enhancement for the number of firearms possessed, because the evidence on which it relied was not relevant conduct to the offense of conviction.

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes [X] No [ ]

   If "Yes," answer the following:
   (1) Docket or case number (if you know): No. 21-6148
   (2) Result: Petition Denied
   (3) Date of result (if you know): December 6, 2021
   (4) Citation to the case (if you know): 
   (5) Grounds raised:

   1) Whether a defendant's uncharged possession of three firearms weeks after the charged offense and under different circumstances is "relevant conduct" such that his sentence can be enhanced for possessing more than two firearms under U.S.S.G. § 2K2.1(b)(1).

   2) Whether a defendant's uncharged possession of a revolver weeks after the charged offense and under circumstances is "relevant conduct" that supports a a four-level enhancement for possession of a firearm "in connection with another felony offense" - here, alleged drug trafficking - under U.S.S.G. § 2K2.1(b)(6)(B).

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [X] No [ ]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: United States District Court For The District of Idaho
        (2) Docket or case number (if you know): 1:18-cr-00203-BLW-1, Dkt. 90
        (3) Date of filing (if you know): February 28, 2022

(4) Nature of the proceeding: Motion for Modification of Sentence/Compassionate Release

(5) Grounds raised:

1) Warden of USP Lompoc did not respond back within the lapse of thrity (30) days to Defendant's request for Home Confinement/Compassionate release pursuant to CARES Act

2) Defendant was at high-risk of severe COIVID-19 illness or death due to his serious underlying medical and health conditions

3) Legal Argument and standing to request district court for a reduction in sentence [after] exhausted administrative remedies pursuant to 18 U.S.C. § 3582 (c)(1)(A).

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐   No ☒

(7) Result: Motion was DENIED

(8) Date of result (if you know): August 10, 2022

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket of case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐   No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☐   No ☒
(2) Second petition:  Yes ☐   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** District Court committed significant procedural error in failing to properly calculate Defendant's sentencing guideline range

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1) District Court erred in applying 4-level enhancement under 2k2.1 (b)(6)(B) cmt. 14(B)(ii) premised on "felony Drug Trafficking" offense. Factual evidence in the record supports a misdemeanor offense for simple "possesion" of 21.63 grams of marijuana; user amount.

2) District Court did not make the requisite "specific finding" that .22 revolver facilitated or had the potential to facilitate defendant's drug possession under Note 14(A), rather than drug trafficking under subsection (B).

3) Application of USSG § 2k2.1(b)(1)(A) 2-level enhancement and § 2k2.1(b)(6)(B)(ii)'s 4-level enhancement for the same firearm (.22 revolver)..same conduct and harm (unlawful possession of a firearm by a felon) constituted impermissible double-counting.

4) District Court erred in using Defendant's Idaho felony prior convictions (2013 Aggravated Battery and 2006 Del. of a Controlled Substance) in determining his Base Offense Level; neither of the two categorically qualifed as a predicate for the offense of coviction, 922(g)(1).

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Defendant was informed by Appellate counsel that these issues were more suited for 2255; ineffective assistance claim (habeas)...against his Court Appointed Trial Counsel, L. Craig Atkinson.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND TWO:** Defendant was deprived of constitutionally effective assistance of counsels in violation of the Sixth Amendment and 3006A.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1) Court Appointed Counsel, L. Craig Atkinson, failed his legal duty of due diligence, to investigate the evidence, facts, and witness (CI# 26549 ) in the case, to wit; was not reasonable or result of strategic decision

2) Court Appointed Counsel, L. Craig Atkinson, was ineffective by not requesting and obtaining the CI's alleged statements..written, recorded [audio], or video. CI did not testify at the sentencing hearing, there is no evidence who provided alleged statements to law enforcement; these statements were materially false and directly affected Defendant's sentence.

3) Court Appointed Counsel, L. Craig Atkinson, was ineffective by failing to expressly argue for "clear and convincing standard" after recognizing that enhancements more than doubled his initial guideline range (57-71 months).

( See "Attachment 01" for other Supporting facts )

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective Assistance of Counsel claims were not appropriate to raise on Direct Appeal as issues would not be fully developed until after appeal.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐  No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

AO 243 (Rev. 09/17)

**GROUND THREE:** The District Court abused its discretion at penalty phase and deprived Defendant of his Constitutional Due Process Right to a fair and impartial hearing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1) The district court abused its discretion by sentencing Defendant on the basis of materially false and unreliable information in PSR; resulting in longer term of imprisonment.

2) The district court discarded it's neutral role at sentencing hearing when it refashioned the grounds for 4-level enhancement to the "drugs-for-guns" scenario (bartering), and prejudiced Defendant by becoming predisposed to rule in favor of the government.

3) The district court violated Defendant's Sixth Amendment right to the effective assistance of counsel in penalty phase, by failing to appoint new counsel on 08-23-2019 at hearing.

4) The district court judge, Judge B. Lynn Winmill, was not familiar with the specific facts and evidence in this case; he inappropriately based findings and conclusions on his own subjective view of facts unsupported by the record.

5) The district court abused its discretion by not continuing Defendant's sentencing and ( Cont'd on "Attachment 01" )

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

        N/A

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☒

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:    N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☒

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

```
Grounds One, Two, and Three: because they were unknown to me at the time; also
due to the ignorance of fact.
```

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?  Yes ☐   No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

    N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:

    Robert Kim Schwartz

    (b) At the arraignment and plea:

    Katherine C. Ball

    (c) At the trial:

    L. Craig Atkinson, 1087 W. River St., Ste. 290, Boise, ID, 83702

    (d) At sentencing:

    L. Craig Atkinson, 1087 W. River St., Ste. 290, Boise, ID, 83702

    (e) On appeal:

    Craig H. Durham, CJA Counsel, 223 N. 6th St., Ste. 325, Boise, ID 83702

    (f) In any post-conviction proceeding:

    Craig H. Durham, CJA Counsel, 223 N. 6th St., Ste. 325, Boise, ID 83702

    (g) On appeal from any ruling against you in a post-conviction proceeding:

    Craig H. Durham, CJA Counsel, 223 N. 6th St., Ste. 325, Boise, ID 83702

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    N/A

    (b) Give the date the other sentence was imposed:  N/A

    (c) Give the length of the other sentence:  N/A

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☒

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This Motion is timely pursuant to 28 U.S.C. § 2255.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:
For the Court to issue a Writ of Habeas Corpus to have the Defendant brought before it to the end that he may be relieved of his unconstitutional sentence.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __10/3/2022__
(month, date, year)

Executed (signed) on __10/3/2022__ (date)

*Lonnie C. Parlor*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

UNITED STATES v. LONNIE EARL PARLOR JR.
Case No. 1:18-CR-00203-BLW
**Motion Under 28 U.S.C. § 2255; Attachment 01**

GROUND TWO: (a) Supporting Facts [cont'd]:

4) Court Appointed Counsel, L. Craig Atkinson, was ineffective and constitutionally deficient by not taking the Court up on it's suggestion/offer to continue the Defendant's sentencing hearing ("in an abundance of caution") to put on an evidentiary hearing to establish the CI's credibility and ascertain the veracity of her alleged statements made outside of the record; as they were material to the term of imprisonment imposed.

5) Court Appointed Counsel, L. Craig Atkinson, was ineffective for not expressly asking the court for a downward variance due to Defendant's documented mental health issues i.e. recognized mitigating factors.

6) Court Appointed Counsel, L. Craig Atkinson was ineffective for misunderstanding admissibility of the CI's heresay statements and being completely unprepared to defend against them at sentencing hearing. Counsel was well aware of this issue from the onset of his representation in this cse.

7) Court Appointed Counsel, L. Craig Atkinson, provided constitutionally deficient representation and incompetent performance by failing to make the necessary and appropriate "factual finding" objection to PSR, versus declaring to the sentencing court at the opening of proceedings that he'd be only objecting to "legal conclusions" in PSR; and prejudicing defendant's due process right to competent representation.

8) Court Appointed Counsel, L. Craig Atkinson, was ineffective for not objecting to ALL of the Governments, the Court's, and the United States Probation Officer's misrepresentation of material facts and evidence in the case.

9) Court Appointed Counsel, L. Craig Atkinson, was ineffective for not putting forth the crucial argument that arresting ATF agents failed to take the Defendant before a Magistrate Judge.."[without] unnecessary delay". In result, Defendant sentence was enhanced; and he received a longer term of imprisonment.

10) Courty Appointed Appellate Counsel, Craig Durham, failed to raise the ground that the district court failed to appoint adequate representation, including investigators, at defendant's Direct Appeal.

11) Court Appointed Appellate Counsel, Craig Durham, failed to raise "plain error" as a standard of review in his appellate brief.

GROUND THREE: (a) Supporting Facts:

5) [cont'd from p.8] ...holding an evidentiary hearing to resolve a genuine factual dispute, an issue wholly material the outcome of sentencing hearing; esp. after essentially taking quasi-judicial notice of Court Appointed, L. Craig Atkinson's deficient representation and incompetent performance of duty, in a back and forth colloquy regarding his flip-flopping of objections to PSR. At that point, the Court was duty-bound to act sua sponte in the interest of justice to conduct an evidentiary hearing and should not have ruled it to be "completely unnecessary" out of capriciousness. In doing so, the Court inherently violated defendant's constitutional right to due process.

### *** CERTIFICATE OF SERVICE ***

I, the undersigned, do hereby certify that I have served a copy of this motion upon the Clerk of the this Court, via U.S. mail, properly addressed.

Counsel for the Government is a registered participant in the CM/ECF system, and will receive an electronic notification as to the filing of this document, when the document is filed.

Done This 3rd Day of October, 2022.

Respectfully Submitted,

Lonnie E. Parlor Jr. #19577-023
Lompoc United States Penitentiary
3901 Klein Blvd.
Lompoc, CA 93436