UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LONNIE EARL PARLOR, JR.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal No. 1:18-cr-00203-BLW<br>Civil No. 1:22-cv-00434-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the Government's Motion for Order Granting a Waiver of the Attorney-Client Privilege and Extension of Time. Dkt. 4, Case No. 1:22-cv-00434-BLW. For the reasons discussed below, the Court will grant the motion.

## BACKGROUND

Petitioner, Lonnie Earl Parlor, Jr., pled guilty to unlawful possession of a firearm and was sentenced on November 19, 2019, to 120 months imprisonment followed by three years of supervised release. Petitioner timely filed an appeal. Shortly thereafter, the Court granted a motion to withdraw by Petitioner's trial court counsel, Craig Atkinson, and appointed CJA counsel, Craig Durham, to represent Petitioner on appeal. On June 21, 2021, the Ninth Circuit rejected

**MEMORANDUM DECISION AND ORDER - 1**

Petitioner's appeal and affirmed this Court's sentence.

On October 18, 2022, Petitioner filed a petition under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence in Case No. 1:18-cr-00203-BLW. In support of his petition, Petitioner brings numerous claims, including claims that he was denied effective assistance of counsel by both Craig Atkinson and Craig Durham. Petitioner states nine grounds for his assertion that Craig Atkinson provided ineffective assistance, and two grounds for his assertion that Craig Durham provided ineffective assistance. *Petition* at 6 & 13, Dkt. 1, Case No. 1:22-cv-00434-BLW.

## ANALYSIS

It is well settled in the Ninth Circuit that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). The scope of this waiver is determined by the particular claims raised in the petition, and a court should grant a waiver no broader than necessary to enable the opposing party to respond to the specific allegations presented in the petition. *Id.* at 720. "Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose." *Id.* Thus, "under the fairness principle," the waiver should

be closely tailored "to the needs of the opposing party in litigating the claim in question." *Id.* (citations omitted).

The Ninth Circuit has made it clear that the attorney-client privilege cannot be used "both as a sword and a shield." *United States v. Amlani*, 169 F. 3d 1189, 1195 (9th Cir. 1999). This case is an example of when the shield cannot be used—at least to the extent it would prevent the government from responding to the allegations. Without statements from defense counsel, the Court will be unable to properly evaluate the Petitioner's claim of ineffective assistance of counsel. *See Henderson v. Heinze*, 349 F. 2d 67, 71 (9th Cir. 1965) (explaining that inquiries regarding counsel's knowledge are necessary when, without such inquiry, the court would be left only with the "bare assertions of the petitioner.").

Accordingly, the Court orders a limited waiver of the attorney-client privilege and directs defense counsel, Craig Atkinson and Craig Durham, to prepare an affidavit regarding the specific allegations of ineffective assistance of counsel asserted by the Petitioner in his petition and to make themselves available to answer material questions from the United States.

## ORDER

**IT IS ORDERED that** the Government's Motion for Order Granting a Waiver of the Attorney-Client Privilege and Extension of Time (Dkt. 4, Case No.

1:22-cv-00434-BLW) is granted as follows:

1. The Government is granted an extension of time to respond to Petitioner's § 2255 Motion (Dkt. 1, Case. No. 1:22-cv-00434-BLW). The Government shall file its Response no later than 60 days after this Order is entered.

2. Petitioner is deemed to have waived his attorney-client privilege as to communications related to the ineffective assistance of counsel claims raised in his § 2255 petition.

3. Mr. Craig Atkinson and Mr. Craig Durham shall make themselves available to answer material questions from the Government regarding Petitioner's allegations of ineffective assistance of counsel.

4. Within 30 days after this Order is entered, Mr. Atkinson and Mr. Durham shall produce any interview notes, documents, letters, or witness statements that are material to Petitioner's ineffective assistance claims.

5. Within 30 days after this Order is entered, Mr. Atkinson and Mr. Durham shall provide affidavits to the Government addressing their knowledge regarding any issue material to Petitioner's ineffective assistance of counsel claims.

MEMORANDUM DECISION AND ORDER - 4

4. The Government shall serve a copy of this order on Mr. Atkinson and Mr. Durham.

DATED: January 11, 2023

B. Lynn Winmill  
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5