Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
T: (208) 724-2617
F: (208) 906-8663
chd@fergusondurham.com
ISB No. 6428

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| LONNIE EARL PARLOR, JR.<br><br>              Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | Criminal No. 1:18-cr-00203-BLW<br>Civil No. 1:22-cv-00434-BLW<br><br>**DECLARATION OF CRAIG H. DURHAM** |

I, Craig H. Durham, declare under penalty of perjury that the following is true

and correct:

1.      I am over the age of 18 and competent to testify. These facts are based on

my personal knowledge.

1

GOVERNMENT EXHIBIT

2

2. On November 25, 2019, the Court appointed me to represent Lonnie Parlor on his direct appeal in *United States v. Parlor*, 1:18-cr-203-BLW. I was his attorney of record on appeal through the denial of a petition for writ of certiorari in the United States Supreme Court on December 6, 2021.

3. Mr. Parlor has filed a motion to vacate his sentence under 28 U.S.C. § 2255. Dkt. 1. He appears to have raised two claims that involved my representation on appeal:

> 10) Court Appointed Appellate Counsel, Craig Durham, failed to raise the ground that the district court failed to appoint adequate representation, including investigators, at defendant's Direct Appeal.
>
> 11) Court Appointed Appellate Counsel, Craig Durham, failed to raise "plain error" as a standard of review in his appellate brief.

Dkt. 1, p. 14.

4. This Court has ruled that "Petitioner is deemed to have waived his attorney-client privilege as to communications related to the ineffective assistance of counsel claims raised in his § 2255 petition." Dkt. 6, p. 4.

5. The Court has further ordered me, among other things, "to provide [an] affidavit[] to the Government addressing [my] knowledge regarding any issue material to Petitioner's ineffective assistance of counsel claims." *Id.*

6. Consistent with the Court's order, I have reviewed my file on Mr. Parlor to refresh my recollection and now provide this declaration.

7. At the time of the appeal, I thoroughly reviewed the entire record, which included all filings in the district court. I also reviewed the following transcripts: the November 1, 2018 hearing on counsel Katie Ball's motion to withdraw; the February 4, 2019 change of plea hearing; the November 1, 2018 hearing on counsel Craig Atkinson's motion to withdraw; and the November 19, 2019 sentencing hearing.

8. During my representation, I spoke to Mr. Parlor by telephone on a handful of occasions. I also exchanged written correspondence with him through the mail and through the BOP's Corrlinks email system. I found Lonnie to be intelligent with good legal insights. I felt that we had a good rapport and working relationship. I kept him apprised of developments, and I sought his input on issues that he thought should be raised.

9. I independently researched the legal issues, wrote the opening brief on appeal, wrote a reply brief, and orally argued the case. The oral argument was conducted over Zoom because of pandemic restrictions. After the Ninth Circuit affirmed this Court, at Mr. Parlor's request I filed a petition for writ of certiorari in the United States Supreme Court. Altogether, I billed for 57.4 hours of my time. That is probably on the conservative side of the true amount of time that I spent on the case.

10. I raised two issues in the direct appeal, both of which challenged the Court's application of specific offense characteristics. The first issue addressed the Court's application of a four-level enhancement based on possession of a firearm "in

connection with another felony offense." The second issue challenged the additional enhancements for possession of a stolen firearm and for the total number of firearms. I argued that those enhancements were based on conduct separated in time and location and therefore were not "relevant conduct."

11. Mr. Parlor's guidelines range was increased significantly to well beyond the statutory maximum of 120 months. Although winning appeals for criminal defendants is always difficult, I believed that these issues gave us the best chance for a new sentencing hearing that might shave time off his total sentence.

12. The published opinion was 2-1, with Judge Berzon dissenting. That tells me that the issues that we raised got us close to winning.

13. Mr. Parlor claims that I was ineffective in not arguing that "the district court failed to appoint adequate representation, including investigators." Dkt. 1, p. 14. I am not entirely sure what he means, but perhaps he is alleging that I should have appealed the district court's denial of Mr. Atkinson's motion to withdraw.

14. I recall Mr. Parlor telling me, on more than one occasion, that he believed that he was not well-served by his trial counsel. He had several complaints along those lines. This is not a rare topic of conversation when new counsel comes on board for an appeal. My general practice in those situations is to listen to my client's concerns and give him my opinion about whether he had a potential ineffective assistance of counsel claim. But I also tell clients that this is not an issue that ordinarily could be raised on

4

direct appeal and was more suited to a § 2255 motion. I am confident that I told Mr. Parlor something similar.

15. Beyond those discussions regarding what Mr. Parlor saw as his trial counsel's poor representation, I do not recall having a conversation or written communication with Mr. Parlor about raising an issue on direct appeal regarding the "district court's failure to appoint adequate representation, including investigators."

16. To the extent that Mr. Parlor means that I should have challenged the district court's denial of Mr. Atkinson's motion to withdraw, I do not recall a specific conversation with him about raising that issue. That said, I *do* recall considering the issue and ultimately rejecting it because I believed it had little to no chance of success.

17. By the time Mr. Atkinson had filed his motion to withdraw, two previous attorneys had withdrawn. The Court noted that it was disinclined to grant yet another change in counsel. But it held a hearing and addressed counsel's concerns and Mr. Parlor's concerns personally. Both Mr. Atkinson and Mr. Parlor voiced generalized complaints but there was not a good record of an irreconcilable conflict that would prevent adequate representation through sentencing. In denying the motion, that is what the district court found.

18. In my professional opinion, that was a sound ruling that would not have been disturbed on appeal. I thought the issues that we raised stood a much better chance of reversal. And I did not really want to highlight that Mr. Parlor had requested

several changes in counsel in the district court, which might make the appellate court view him as obstreperous or less sympathetic. There was no upside and some potential downside to raising that issue.

19.     Mr. Parlor also claims that I failed to raise a "plain error" as a standard of review. I don't know what he means.  I did raise plain error as a standard of review and argued it, because I knew that trial counsel had failed to object properly to some of the issues.  I am unaware of any issue that the Court of Appeals found to be waived because it was not argued correctly in my brief.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 10th day of February, 2023.

Craig H. Durham